UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2022 AUG -5 PM 3: 38

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**CHARLES ASUMADU,**<br><br>**Defendant.** | CASE NO. *[signature]*<br><br>JUDGE *[signature]*<br><br>**INFORMATION**<br><br>**18 U.S.C. § 1956(h)**<br>**FORFEITURE ALLEGATION** |

**THE UNITED STATES ATTORNEY CHARGES:**

### <u>COUNT 1</u>
**(Conspiracy to Commit Money Laundering)**

1. From at least October 17, 2016, through May 8, 2020, in the Southern District of Ohio and elsewhere, Defendant **CHARLES ASUMADU** did knowingly combine, conspire, and agree with other persons known and unknown to the United States Attorney to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957—namely:

    a. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity—namely, wire fraud—knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

    b.  to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity—namely, wire fraud—in violation of 18 U.S.C. § 1957.

## MANNER AND MEANS OF THE CONSPIRACY

2. It was part of the conspiracy that Defendant **CHARLES ASUMADU** and other members of the conspiracy would launder the proceeds of online romance scams. The perpetrators of the romance scams created several profiles on online dating sites and social media sites. The scammers then contacted men and women throughout the United States and elsewhere, with whom they cultivated a sense of affection and, often, romance. Having established relationships with the victims, the perpetrators of the romance scams ultimately requested money, ordinarily for investment reasons or need-based reasons. The perpetrators provided account information and directed where the money should be sent. In part, these accounts were controlled by Defendant **CHARLES ASUMADU**. The funds were not used for the purposes claimed by the perpetrators of the romance scams.

3. It was further part of the conspiracy that Defendant **CHARLES ASUMADU** and other members of the conspiracy established or used companies and bank accounts in the companies' names to launder criminal proceeds.

4. It was further part of the conspiracy that Defendant **CHARLES ASUMADU** and other members of the conspiracy established or used bank accounts in their names and in the names of their companies to launder criminal proceeds.

5.      It was further part of the conspiracy that Defendant **CHARLES ASUMADU** and other members of the conspiracy funneled proceeds from romance scams into the above-described bank accounts and others.

6.      It was further part of the conspiracy that Defendant **CHARLES ASUMADU** and other members of the conspiracy conducted financial transactions which were designed, in whole or in part, to conceal the nature, location, source, ownership, and control of the proceeds. These transactions included, in part, transfers of funds to other accounts by check, cash withdrawals, purchases of official checks, transfers to third parties, transfers by money service business, ATM cash withdrawals in the United States, wires to individuals and companies in Ghana, and wires to individuals and companies in the United States. Several of these transactions were also in excess of $10,000.

**In violation of 18 U.S.C. § 1956(h).**

## FORFEITURE ALLEGATION A

7. Paragraphs 1 through 6 are incorporated here.

8. Upon conviction of the offense alleged in Count 1 of this Information, Defendant **CHARLES ASUMADU** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in the offense as alleged in Count 1, or any property traceable to such property.

9. If, as a result of any act or omission of Defendant **CHARLES ASUMADU**, the forfeitable property so described, or any portion thereof:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of Defendant **CHARLES ASUMADU** up to the value of the forfeitable property.

**Forfeiture in accordance with 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure.**

KENNETH L. PARKER
United States Attorney

_/s/ Peter K. Glenn-Applegate_
PETER K. GLENN-APPLEGATE (0088708)
Assistant United States Attorney

4