IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                                                                      2:22-cr-143

Charles Asumadu

## Opinion and Order

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  Defendant pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  On June 2, 2023, the Court sentenced Defendant to a term of 24 months imprisonment and 3 years supervised release.  After granting a motion for a downward departure of 3 levels under the United States Sentencing Guidelines, the Court determined Defendant's total offense level to be 20, his criminal history category to be I, and his Guideline sentencing range to be 33 to 41 months.

Defendant argues that he is entitled to retroactive application of U.S.S.G. § 4C1.1, which provides for a 2-level decrease in the offense level for offenders who have zero criminal history points.  The Government does not dispute that Defendant is a zero-point offender, but it opposes the motion on the grounds that Defendant waived his right to pursue relief under § 3582.

Paragraph 11 of the Plea Agreement provides:,

> **Waiver of Appeal**: In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the conviction and sentence imposed, except if the sentence imposed exceeds the statutory maximum.  The Defendant also waives the right to attack his convictions or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255 and 18 U.S.C. § 3582.  However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

Doc. 21, p. 5.

In *United States v. Clardy*, 877 F.3d 228 (6th Cir. 2017), the Sixth Circuit Court of Appeals held that a waiver of the right to file a § 3582(c) motion precluded the defendant from obtaining a

sentence reduction based on changes to the Sentencing Guidelines. The Sixth Circuit held that the inclusion of the terms "Waiver of Appellate Rights" and "collateral attack" did not make the waiver provision ambiguous. *Id.* at 230. The waiver's reference to motions filed under § 3582(c) was clear in defining the scope of the agreement. *Id.*

Defendant does not challenge the validity of the Plea Agreement or the waiver provision. The Court finds that he did waive the right to file a motion for sentence reduction under § 3582. The Court adds that Defendant certainly received the benefit of his bargain, with the Court imposing a sentence well below the Guideline range.

Accordingly, Defendant's motion for a reduction of sentence (doc. 53) is DENIED.

Date: September 27, 2024                                s/ James L. Graham
                                                        James L. Graham
                                                        United States District Judge